IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA :

:

v. : Criminal No. DKC 03-0538

:

CARLTON BROWN

:

**MEMORANDUM OPINION AND ORDER**

On November 24, 2003, a grand jury returned an indictment charging Defendant Carlton Brown, along with two co-defendants, with five counts of drugs and firearms offenses. Defendant was charged with conspiracy to distribute cocaine base, possession and distribution of crack cocaine on two separate dates, and possession of a firearm in furtherance of a drug conspiracy. The case proceeded to a jury trial on April 22, 2004. After two days of trial, Defendant opted to plead guilty to the conspiracy count pursuant to a written plea agreement. After the Rule 11 hearing, he moved to withdraw his plea, arguing that, under *Blakely v. Washington*, 542 U.S. 296 (2005), he could not be held accountable under the Sentencing Guidelines for more than 50 grams of cocaine, the amount charged in the indictment. The court denied that motion and, on November 1, 2004, Defendant was sentenced to a term of imprisonment of 262 months.

Defendant appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed in part and dismissed in part by a *per curiam* opinion issued November 16, 2005. *See United States v. Brown*, 158 Fed.Appx. 397 (4th Cir. 2005). The appellate court affirmed the denial of Defendant's motion to withdraw his guilty plea and dismissed his challenge to the length of sentence as barred by an appeal waiver. The Supreme Court denied Defendant's petition for writ of *certiorari* on January 21, 2006. On May 2, 2006, he filed a motion to reconsider his sentence, which was denied shortly thereafter.

On or about January 18, 2007, Defendant timely filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and reasserting his appellate challenge under *Blakely*. That motion was denied by a memorandum opinion and order issued March 11, 2011. *See Brown v. United States*, Civ. No. DKC 07-0170, Crim. No. DKC 03-0538, 2011 WL 886214 (D.Md. Mar. 11, 2011). With respect to the challenge to his sentence, Defendant argued that the court "violated his Sixth Amendment right to trial by jury in increasing his sentence beyond the statutory minimum using facts that . . . were not submitted to a jury." *Id*. at *5. The court determined that habeas relief was foreclosed, explaining, "as the Fourth Circuit considered and rejected Brown's *Blakely*

2

claim on direct review, he may not use this proceeding to escape that ruling." *Id*.

On May 5, 2008, Defendant moved for retroactive application of sentencing guidelines to crack cocaine offenses pursuant to 18 U.S.C. § 3582. An order was subsequently entered reducing his sentence to a term of imprisonment of 210 months. On January 9, 2012, Defendant again moved for retroactive application of the guidelines, and his sentence was subsequently reduced to 168 months.

On or about April 19, the court received for filing correspondence submitted by Defendant requesting "a sentence modification concerning the two point enhancement [he] received . . . related to possession of a gun." (ECF No. 142). In this document, which the court construes as a motion for modification of sentence, Defendant contends that this enhancement was erroneously applied because "[t]he charge related to possession of a gun was ultimately dismissed." (*Id.*). He further reports that the enhancement is preventing him from entering into the residential drug treatment program offered by the Bureau of Prisons.

While Defendant does not indicate the legal basis of his motion, the only potential avenue for relief in district court is Rule 35(b) of the Federal Rules of Criminal Procedure, which permits a reduction of sentence, upon the government's motion,

3

for substantial assistance rendered in connection with an investigation. Because the government has not moved for a reduction of sentence – and the record does not reflect that Defendant has provided any information that would make him eligible for such relief – the motion will be denied. Alternatively, the request may be construed as a successive petition pursuant to 28 U.S.C. § 2255. In that case, however, Defendant must seek leave from the Fourth Circuit. "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." *Manigault v. Lamanna*, C/A No. 8:06-047-JFA-BHH, 2006 WL 1328780, at *2 (D.S.C. May 11, 2006) (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000)).[1]

Accordingly, it is this 17th day of May, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant's motion for modification of sentence (ECF No. 142) BE, and the same hereby IS, DENIED;

2. Defendant's motion for retroactive application of sentencing guidelines (ECF No. 130) BE, and the same hereby IS, DENIED AS MOOT; and

---

[1] As noted, Defendant presented essentially the same issue he now raises to the appellate court on direct appeal and to this court in his initial § 2255 petition. Thus, it is highly unlikely that leave to file a successive petition would be granted.

4

3. The clerk is directed to transmit this Memorandum Opinion and Order to counsel for the government and directly to Defendant.

                                                                                  _____/s/_____
                                                                                  DEBORAH K. CHASANOW
                                                                                  United States District Judge