IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA    :

:

v.    :    Criminal No. DKC 03-0538-002

:

CARLTON JONELL BROWN

:

**MEMORANDUM OPINION**

Pending before the court is a corrected motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). Mr. Brown is not eligible for a reduction in sentence as great as requested.

Mr. Brown was originally sentenced on November 1, 2004, to 262 months imprisonment, with a guideline range based on adjusted offense level 36 and criminal history V. He was granted a downward departure for criminal history to category IV, and sentenced within that lowered range. Twice thereafter reductions were made pursuant to 18 U.S.C. § 3582(c)(2), based upon consent motions. Both reductions recognized criminal history IV. While the first possibly was correct based on *United States v. Munn*, 595 F.3d 183 (4th Cir. 2010), the second was after an amendment to the guidelines manual that abrogated that decision and arguably should not have been granted.

Commentary Application Note 1(A) states:

> <u>Eligibility</u>. Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (*i.e.*, the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is

> determined before consideration of any departure provision in the Guidelines Manual or any variance.)

As noted by *United States v. Quarles*, 889 F.Supp.2d 783 (E.D. Va. 2012), Amendment 759 abrogated *United States v. Munn*, 595 F.3d 183 (4th Cir. 2010):

> Prior to 2011, courts were split on this issue.[4] In *United States v. Munn*, the Fourth Circuit held that the applicable guideline range is determined after applying a downward departure for overrepresentation of criminal history if the resulting sentence "fell squarely" within the crack cocaine range. 595 F.3d 183, 195 (4th Cir. 2010). In response to *Munn* and similar decisions, the Sentencing Commission clarified that when a defendant is a career offender, the career offender range is the "applicable guidelines range" for sentencing purposes. Amendment 759 to the U.S.S.G. defines applicable guideline range as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G.App. C, Amend. 759 (2011) (emphasis added). This amendment effectively abrogates the holding in *Munn* that a defendant, despite being a career offender, is eligible for a sentence reduction if, after a departure, his sentence falls squarely within the otherwise applicable crack cocaine guideline range.[5]

---

[4] *Compare United States v. Flemming*, 617 F.3d 252 (3d Cir. 2010); *United States v. Cardosa*, 606 F.3d 16, 18-22 (1st Cir. 2010); *United States v. McGee*, 553 F.3d 225, 229-30 (2d Cir. 2009), *with United States v. Pembrook*, 609 F.3d 381, 384 (6th Cir. 2010); *United States v. Darton*, 595 F.3d 1191, 1197 (10th Cir. 2010); *United States v. Blackmon*, 584 F.3d 1115, 1116-17 (8th Cir. 2009).

2

> [5] In Amendment 759, the Sentencing Commission stated that it "adopts the approach of the Sixth, Eighth, and Tenth Circuits and amends Application Note 1 to clarify that the applicable guideline range referred to in § 1B1.10 is the guideline range determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G.App. C, Amend. 759 (2011) (emphasis added).

See also, *United States v. Montanez*, 717 F.3d 287, 292 (2d Cir. 2013):

> Section 1B1.10(b)(1)'s use of the word "applicable" has technical significance. The commentary to § 1B1.10 defines the phrase "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual." U.S.S.G. § 1B1.10 cmt. n. 1(A) (emphasis added). Consistent with that definition, U.S.S.G. § 1B1.1(a) makes no mention of departures. Instead, under U.S.S.G. § 1B1.1(b), a court considers "[d]epartures" only after it has determined a defendant's offense level and criminal history under § 1B1.1(a). The commentary to § 1B1.1 further defines departure "for purposes of 4A1.3 (Departures Based on Inadequacy of Criminal History Category)" to mean "assignment of a criminal history category other than the otherwise applicable criminal history category, in order to effect a sentence outside the applicable guideline range." U.S.S.G. § 1B1.1 cmt. n. 1(E) (emphasis added). These provisions all lead to the ineluctable conclusion that a court does not depart under § 4A1.3 when calculating a defendant's applicable guideline range, but instead departs from the applicable guideline range under § 4A1.3 after having calculated that range. Consequently, the "amended guideline range," as the "range that would have been applicable to the defendant"

had the relevant amendments been in effect, does not incorporate any departure a court previously granted under § 4A1.3.

For the foregoing reasons, the court will reduce Mr. Brown's sentence by separate Order. The reduction, however, will only be to the bottom of the range based on Criminal History Category V.

Date: <u>July 29, 2015</u>             /s/ Deborah K. Chasanow
                                      _____
                                      DEBORAH K. CHASANOW
                                      United States District Judge